No. _____

| | | |
|---|---|---|
| **Oscar Posada,**<br>*Plaintiff(s),* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | BASTROP COUNTY, TEXAS |
| **The Money Source, Inc.,**<br>*Defendant(s),* | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFS' ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES OSCAR POSADA, the Plaintiff, complaining of Defendant THE MONEY SOURCE, INC., and would show the Court the following:

### Discovery Control Plan

1. OSCAR POSADA proposes that discovery in this case be conducted under Discovery Control Plan Level 2. Tex. R. Civ. P. 190.3

### Parties

2. OSCAR POSADA is a natural person whose residence and homestead is in BASTROP County Texas.

3. Defendant, THE MONEY SOURCE, INC., is a national banking company and may be served with process by and through its registered agent CT Corporation System, at 211 E. 7th St. Suite 620, Austin, Texas 78701 USA.

### Venue and Jurisdiction

4. This Court has jurisdiction over the subject matter of this case because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

5. The Court has personal jurisdiction over the Defendant under Sec. 17.003 of the Texas Civil Practices and Remedies Code, because the real property, the subject of this law suit, is located in Texas.

6. Venue in BASTROP County, Texas is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because the real property, the subject of this law suit, is

**EXHIBIT 1**

situated in BASTROP County, Texas.

## Brief Summary

7. The August 6, 2019, scheduled substitute trustee sale (the "Substitute Trustee Sale") is unlawful because the Defendant did not comply with HUD regulations as required by law.

## Factual Background

**The Property**

8. The Plaintiff is the owner of the property located at **197 Luke Lane, Bastrop, Texas 78602** ("Homestead" or "Property" or "real property"). The Plaintiff resides at this Property, which is the Plaintiff's homestead.

**Deed of Trust.**

9. May 25, 2017, the Plaintiff closed on a purchase money loan, for $148,265.00, secured by a Deed of Trust (DOT).
10. The DOT secures a lien on an FHA loan, FHA Case number 514-1464374-703-203B.
11. Great Plains National Bank is the original mortgagee.
12. Dan Eads is the original trustee.
13. The Defendant, The Money Source, Inc. is the current lender/mortgagee.
14. The Money Source, Inc., is the current loan servicer.
15. **Attorneys of Shapiro Schwartz, LLP** are designated as the purported current trustee.
16. According to the BASTROP County Appraisal District the value of the property is $123,138.00.
17. The monthly mortgage is $1,350.
18. According to a recent statement from the loan servicer, the reinstatement amount is approximately $15,000.
19. The payoff amount is approximately $.
20. Recently, the purported current trustee sent the Plaintiff a Substitute Trustee Sale Notice.
21. The Plaintiff has a buyer ready, willing an able to close within 30 days.

**FHA Requirements**

22. Section 9d, page 5, of the DOT states the Trustee cannot foreclose on the DOT without complying with any applicable Department of Housing and Urban Development (HUD) regulations restricting foreclosure of FHA loans.
23. 24 CFR 203.604(b) requires the loan servicer to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly

installments due on the mortgage are unpaid, provided the mortgagor resides in the house, the loan servicer has an office within 200 miles of the mortgagor's residence, and the mortgagor has not clearly indicated that he or she will not cooperate (24 CFR 203.604(c)).

24. As stated above, the Plaintiff resides in the Property, which is the Plaintiff's homestead.
25. The loan servicer assigned a Single Point of Contact (SPOC).
26. The Plaintiff stated the Plaintiff spoke with the SPOC on numerous occasions in applying for loss mitigation relief and the SPOC or any other staff of the loan servicer did not reach out to the Plaintiff to arrange such a Face-to-Face meeting.
27. The loan servicer has a plurality of offices in or around BASTROP County, Texas within 200 miles of the Property.
28. The Plaintiff called the loan servicer the last week of July 2019; the SPOC stated that the August 6, 2019 sale would not be pulled.
29. If the foreclosure is not postponed until the loan servicer complies with the FHA rules as required by law, the Plaintiff will suffer irreparable harm by losing title to her homestead.
30. Because the Defendant refuses to postpone the Substitute Trustee Sale, even though it is not in compliance with the law, the Plaintiff is incurring legal fees.

## Arguments
### Violation of HUD Regulations Governing the Foreclosure of FHA Loans, 24 CFR 203.604

31. As stated, 24 CFR 203.604(b) requires the loan servicer to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid, provided the mortgagee resides in the house, the mortgagee has a plurality of offices in BASTROP County Texas within 200 miles of the mortgagor's residence, and the mortgagor has not clearly indicated that she will not cooperate (24 CFR 203.604(c)).
32. The original mortgagee agreed in the DOT, that for purposes of foreclosing under the DOT, presupposing the Plaintiff' default in making payments under the DOT, the mortgagee would nonetheless comply with HUD regulations, as well as state law. This covenant gives rise to the Plaintiff's private cause of action and distinguishes this case from *Roberts v. Cameron-Brown Co.*, 556 F.2d 356 (1977).
33. In *Roberts v. Cameron–Brown Co.*, 556 F.2d 356 (5th Cir.1977), holds that the HUD

---

handbook, which at the time was not a regulation and was not expressly written into the DOT, did not give rise to a private cause of action to a borrower attempting to avoid foreclosure. However, that case is inapplicable to these facts.

34. In *Lacy-McKinney v. Taylor Bean & Whitaker Mortg. Corp.*, 937 N.E.2d 853 (2010), the Indiana Court of Appeals cited to recent federal district court cases holding that the aforementioned HUD regulations provides an affirmative defense to a homeowner in a foreclosure proceeding, and noted that the HUD regulations have force of law, and could give rise to a cause of action for a homeowner, because the home owner is an intended beneficiary of the HUD regulations, citing 24 CFR 203.556(b).

35. In *Roberts v. Cameron–Brown Co.*, 556 F.2d 356 (5th Cir.1977), the mortgagor cited noncompliance with the policy guidelines set forth in the HUD Handbook as a defense to foreclosure on an HUD-insured mortgage. At that time, the contact requirement of a face-to-face meeting had not yet been published in the Federal Register and the CFR. The trial court rejected Roberts's use of the guidelines as a defense stating that the government did not publish the Handbook, thus prohibiting it from having the force and effect of law. *Roberts*, 556 F.2d at 361. *Lacy-McKinney* stated that *Roberts* is not controlling in that case for the following reasons:

> "Since *Roberts* was decided, the mortgage servicing requirements contained in the Handbook have been published in the Federal Register and The Code of Federal Regulations giving them the force and effect of law. Because of this fact, the precedential value of the *Roberts* case has been considerably lessened. Furthermore, *Roberts* dealt with the implication of a private cause of action and not with the assertion of an affirmative defense. Therefore, we believe that the holding in *Roberts* is not controlling in the case at hand."

*Lacy-McKinney* at 862 (citing to *Bankers Life Co. v. Denton*, 120 Ill.App.3d 576, 76 Ill.Dec. 64, 458 N.E.2d 203 (1983).

36. Following reasoning similar to that found in *Denton*, the states of Florida, Maryland, and New York have likewise held that HUD servicing responsibilities may be raised as an affirmative defense in foreclosure actions even though the regulations do not create a private right of action. *See Cross v. Fed. Nat'l Mort. Ass'n,* 359 So.2d 464 (Fla.Dist.Ct.App.1978) (mortgagee's failure to provide defaulted HUD-insured mortgagor with notice required under mortgage servicing regulations was affirmative defense that precluded summary judgment in

favor of mortgagee); *Wells Fargo Home Mortg., Inc. v. Neal,* 398 Md. 705, 922 A.2d 538, 547 (2007) (mortgagor may not wield HUD regulations as sword but may assert regulatory noncompliance as shield to foreclosure on HUD mortgage); *Federal Nat'l Mortg. Ass'n v. Ricks,* 83 Misc.2d 814, 372 N.Y.S.2d 485, 497 (N.Y.Sup.Ct.1975) (mortgagors may interpose as first defense, failure of mortgagee to comply with provisions of HUD Handbook).

37. Some courts have styled a mortgagee's noncompliance with HUD regulations as an equitable defense (unclean hands and failure to do equity). *See e.g., Heritage Bank, N.A. v. Ruh,* 191 N.J.Super. 53, 465 A.2d 547 (1983) (courts may exercise equity power in refusing to grant foreclosures when mortgagees have flagrantly disregarded forbearance or casting); *Fleet Real Estate Funding Corp. v. Smith,* 366 Pa.Super. 116, 530 A.2d 919 (1987) (summary judgment in favor of mortgagee reversed upon finding that court could exercise equity powers to restrict foreclosure by mortgagee who had not followed or applied forbearance provisions of the HUD regulations and Handbook).

38. The *Lacy-McKinney* court stated that it was problematic to treat such noncompliance merely as an equitable remedy. If noncompliance with HUD regulations is merely "unclean hands," a court may be precluded from requiring compliance in cases where the mortgagor is also deemed to have unclean hands. *See Ruh,* 465 A.2d at 558 (court of equity, fulfilling reasons and objects for its existence may, in furtherance of natural justice, aid one who is comparatively more innocent). Hence, the equitable approach is limited in its ability to promote a mortgagee's compliance with HUD regulations. Instead, the *Lacy-McKinney* court agreed with the, reasoning of *Denton* and view the affirmative defense of noncompliance with HUD regulations as the failure of the mortgagee to satisfy a HUD-imposed condition precedent to foreclosure.

39. In this case, as stated, the HUD requirements are expressly written into the DOT. Violation of 24 CFR 203.604 prohibits the Loan Servicer from foreclosing.

## Conditions Precedent

40. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent have been performed or have occurred.

## Request for Temporary Restraining Order

41. Plaintiff requests the Court to dispense with the issuance of a bond, and Plaintiff request that the Defendant be temporarily restrained, without hearing, and upon notice and hearing be

temporarily enjoined, pending further order of this Court, from foreclosing on the Deed of Trust.

42. If a temporary restraining order is not issued today, the Defendant will sell the Plaintiff' homestead and the Plaintiff will be irreparably harmed as stated in the attached affidavit.

43. The Plaintiff is likely to succeed on the merits because, as stated above, the Defendant did not comply with mandatory federal regulations governing the foreclosure of FHA loans.

44. Granting the temporary restraining order is in the public interest, because enforcing contracts and discouraging foreclosures are in the public interest.

45. The Defendant may simply foreclose in 30 days, or recoup whatever expenses incurred by not foreclosing from the Plaintiff, which is permitted by the Deed of Trust; therefore, the potential harm to the Defendant is outweighed by the potential irreparable harm to the Plaintiff.

### Request for Temporary Order

46. Plaintiff requests that the Court, after notice and a hearing, without the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions deemed necessary and equitable by the Court.

### Attorney's Fees

47. Under Section 37.009, Tex Civ. Prac. & Rem Code, OSCAR POSADA requests that the Court award them costs and reasonable and necessary attorneys' fees as are equitable and just against THE MONEY SOURCE, INC.

### Prayer

WHEREFORE, PREMISES CONSIDERED, the Plaintiff OSCAR POSADA prays for the following:

48. Prayer for Declaratory Relief

49. WHEREFORE Plaintiff prays that after notice and hearing the Court declares the Substitute Trustee Sale of the Property is unlawful and must be postponed until: the Defendant complies with 24 CFR 203.604.

50. Prayer for Relief

WHEREFORE Plaintiff prays that the Court immediately grant a temporary restraining order restraining Defendant, in conformity with the allegations of this Plaintiff, from the acts set forth

above, and Plaintiff pray that, after notice and hearing, this temporary restraining order be made a temporary injunction.

1. Plaintiff prays that the Court, in addition to the temporary restraining orders and temporary injunction order prayed for above, after notice and hearing, grant a temporary injunction enjoining Defendant, in conformity with the allegations of this Petition from the acts set forth above while this case is pending, and enter temporary orders as requested above.
2. Plaintiff prays for expenses, costs and interest as allowed by law.
3. Plaintiff prays for general relief.

                Respectfully submitted,

                /s/ James Minerve
                _____
                James Minerve
                State Bar No. 24008692
                115 Saddle Blanket Trail
                Buda, Texas 78610
                (888) 819-1440 (Office)
                (210) 336-5867 (Cell)
                (888) 230-6397 (Fax)
                Email: jgminerve@aol.com
                Attorney for Plaintiff OSCAR POSADA

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was sent to the following in accordance with the Texas Rules of Civil Procedure on this 1st day of August 2019:

Corporation Service Company,
Registered Agent for
THE MONEY SOURCE, INC.
211 E. 7th St. Suite 620
Austin, Texas 78701

/s/ James Minerve
_____
James Minerve

# GENERAL AFFIDAVIT

State of Texas §
County of Bastrop §

BEFORE ME, the undersigned Notary, Kevin Brewirth on this 31st day of July 2019 personally appeared Oscar Posada, known to me to be a credible person of lawful age, who being by me first duly sworn, on his oath, deposes and says:

1. I, Oscar Posada, am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated below. I understand that I can be held criminally responsible if I lie in this statement. This statement is true.
2. The August 6, 2019, scheduled substitute trustee sale (the "Substitute Trustee Sale") is unlawful because the Defendant did not comply with HUD regulations as required by law.
3. I am the owner of the property located at 197 Luke Lane, Bastrop, Texas 78602 ("Homestead" or "Property"). I reside at this Property, which is my homestead.
4. May 25, 2017, I closed on a purchase money loan, for $148,265.00, secured by a Deed of Trust (DOT).
5. The DOT secures a lien on an FHA loan, FHA Case number 514-1464374-703-203B.
6. Great Plains National Bank is the original mortgagee.
7. Dan Eads is the original trustee.
8. The Defendant, The Money Source, Inc. is the current lender/mortgagee.
9. The Money Source, Inc., is the current loan servicer.
10. Attorneys of Shapiro Schwartz, LLP are designated as the purported current trustee.
11. According to the BASTROP County Appraisal District the value of the property is $123,138.00.
12. The monthly mortgage is $1,350.
13. According to a recent statement from the loan servicer, the reinstatement amount is approximately $15,000.
14. The principal balance is approximately $145,000.
15. Recently, the purported current trustee sent the Plaintiff a Substitute Trustee Sale Notice.
16. I have a buyer ready, willing an able to close within 30 days.
17. I have never applied for a temporary restraining order to stop a foreclosure.

## GENERAL AFFIDAVIT continued

18. Section 9d, page 5, of the DOT states the Trustee cannot foreclose on the DOT without complying with any applicable Department of Housing and Urban Development (HUD) regulations restricting foreclosure of FHA loans.

19. 24 CFR 203.604(b) requires the loan servicer to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid, provided the mortgagor resides in the house, the loan servicer has an office within 200 miles of the mortgagor's residence, and the mortgagor has not clearly indicated that he or she will not cooperate (24 CFR 203.604(c)).

20. As stated above, I reside in the Property, which is my homestead.

21. The loan servicer assigned a Single Point of Contact (SPOC).

22. I spoke with the SPOC on numerous occasions in applying for loss mitigation relief and the SPOC or any other staff of the loan servicer did not reach out to me to arrange such a Face-to-Face meeting.

23. The loan servicer has a plurality of offices in or around BASTROP County, Texas within 200 miles of the Property.

24. I called the loan servicer the last week of July 2019; the SPOC stated that the August 6, 2019 sale would not be pulled.

25. If the foreclosure is not postponed until the loan servicer complies with the FHA rules as required by law, I will suffer irreparable harm by losing title to my homestead.

26. Because the Defendant refuses to postpone the Substitute Trustee Sale, even though it is not in compliance with the law, I am incurring legal fees.

_____
Oscar Posada
197 Luke Lane
Bastrop, Texas 78602

State of Texas §
County of Bastrop §

Sworn to and subscribed before me on the 31st day of July 2019, by Oscar Posada.

KEVIN LA'NARD BIERWIRTH
Notary Public, State of Texas
Comm. Expires 10-21-2021
Notary ID 128065653

Notary Public, State of Texas
My Commission Expires: _____

Page 2 of 2